F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 2 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01028-OES

ROBERT WAYNE ROBINSON,

    Plaintiff,

v.

SHERIFF MICHEAL ACREE,
CAPTAIN YOUNGER,
LT. HARVEY,
SGT. TERRANOVA,
DEPUTY BLACK,
DEPUTY RHORER,
DEPUTY SCHOENES, and
RETIRED JUDGE J. S. MILLER,

    Defendants.

---

## ORDER TO FILE AMENDED COMPLAINT

---

    Plaintiff Robert Wayne Robinson is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He filed *pro se* a complaint for money damages pursuant to 42 U.S.C. § 1983 (Supp. 2005) and 28 U.S.C. § 1343(a)(3) (1993). He also asserts jurisdiction pursuant to 42 U.S.C. § 1988 (2003). Mr. Robinson may not assert a § 1988 claim. *Pro se* litigants may not recover an award of attorney's fees pursuant to this section. *Turman v. Tuttle*, 711 F.2d 148 (10th Cir. 1983). The policy underlaying § 1988 was not implemented to compensate *pro se* litigants. *Id.*

    The Court must construe the complaint liberally because Mr. Robinson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Robinson will be ordered to file an amended complaint.

Mr. Robinson asserts three claims. As his first claim, he alleges that in June, October, and December of 2002, Defendants Captain Younger, Lieutenant Harvey, Sgt. Terranova, Deputy Black, Deputy Rhorer, Deputy Schoenes, and an individual with the surname Griggs, who is not a named Defendant, conspired to cover up or destroy evidence of sexual assaults on Plaintiff inside a police car and at a detention facility. He also alleges that Defendants Sheriff Micheal Acree and Captain Younger are fostering an unsafe environment because of inadequate law enforcement training policies. As his second claim, Mr. Robinson alleges that in July 2002 Defendant retired Judge J. S. Miller conspired with other judges employed in the Douglas County judicial system to cover up a pattern of imposing excessive bonds. He further alleges that Defendants Sheriff Micheal Acree and Captain Younger also participated in the conspiracy by submitting inaccurate and exaggerated information to judges to influence higher bonds. As his third claim, he alleges that for the two and a half years he was a pretrial detainee he was denied access to the courts, which he contends crippled his ability to assist his attorney in preparing a defense to the criminal charges against him. He further alleges that Defendants Sheriff Micheal Acree and Captain Younger established an unconstitutional policy regarding court access.

Merely making vague and conclusory allegations that his or her rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally

the Court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. In the amended complaint he will be ordered to submit, Mr. Robinson must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

In addition, Mr. Robinson must assert clearly each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Robinson is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Robinson should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional

violations. Accordingly, it is

ORDERED that Mr. Robinson file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Robinson, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Robinson submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Robinson fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 12 day of September, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01028-OES

Robert Wayne Robinson
Reg. No. 49082
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/12/05

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk