IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 0 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01028-OES

ROBERT WAYNE ROBINSON,

    Plaintiff,

v.

CAPTAIN YOUNGER,
LT. HARVEY,
SGT. TERRANOVA,
DEPUTY BLACK, GREG,
SGT. B. MCCOY,
DEPUTY ROBERT GRIGGS,
DEPUTY SCHOENES, and
RETIRED JUDGE J. S. MILLER, in their official capacity,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Robert Wayne Robinson filed *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On September 12, 2005, Magistrate Judge O. Edward Schlatter ordered Mr. Robinson to file an amended complaint within thirty days. On October 4, 2005, Mr. Robinson filed an amended complaint for money damages. He asserts jurisdiction pursuant to 28 U.S.C. §§ 1981, 1983, and 1985 (2003).

Mr. Robinson has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is

frivolous or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the complaint will be dismissed in part pursuant to § 1915(e)(2)(B) as legally frivolous and because it seeks monetary relief against a defendant immune from such relief.

The Court must construe the amended complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Mr. Robinson asserts three claims. As his first claim, he alleges that in June, October, and December of 2002, Defendants Captain Younger, Lieutenant Harvey, Sgt. Terranova, Deputy Greg Black, Sgt. B. McCoy, Deputy Schoenes, and Deputy Robert Griggs conspired to cover up or destroy evidence of sexual assaults on Plaintiff inside a police car. As his second claim, Mr. Robinson asserts that in July 2002 Defendant now-retired Judge J. S. Miller conspired with other judges employed in the Douglas County judicial system to cover up a pattern of imposing excessive bonds. He further alleges that Defendants Lieutenant Harvey and Captain Younger also participated in the conspiracy by submitting inaccurate and exaggerated information to judges to influence higher bonds. As his third claim, he alleges that for the two and a half years he was a pretrial detainee he was denied access to the courts, which he contends crippled his ability to assist his attorney in preparing a defense to the criminal charges against him. He further alleges that Defendants Lieutenant Harvey and Captain Younger established

2

an unconstitutional policy regarding court access. He also asserts that an inadequate law library interfered with his ability to litigate a case in this court. *See Robinson v. Douglas County Sheriff [sic] Dep't, et al.*, No. 03-cv-01030 (D. Colo. Oct. 26, 2004) (dismissed without prejudice for failure to exhaust administrative remedies).

Defendant now-retired Judge Miller is a state court judge. A judge is absolutely immune from liability in civil rights suits for money damages for actions taken in his or her judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Absolute judicial immunity extends to officials who "perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). Here, to the extent Defendant Judge Miller was acting in his judicial capacity in prosecuting Mr. Robinson, he is immune from suit and will be dismissed from the action. The remaining claims against the remaining Defendants will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims against Defendant now-retired Judge J. S. Miller are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and because they seek monetary relief against a defendant immune from such relief. It is

FURTHER ORDERED that the clerk of the Court shall remove Judge Miller from the Court's docketing records as a party to this action. It is

FURTHER ORDERED that the remaining claims asserted against the remaining

Defendants shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this \_\_9\_\_ day of \_\_\_Nov.\_\_\_, 2005.

BY THE COURT:

*/s/ Zita L. Weinshienk*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01028-OES

Robert Wayne Robinson
Reg. No. 49082
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  11-10-05  .

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk