IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01028-EWN-BNB

ROBERT WAYNE ROBINSON,

Plaintiff,

v.

CAPTAIN YOUNGER,
LT. HARVEY,
SGT. TERRANOVA,
DEPUTY BLACK, GREG,
SGT. B. MCCOY,
DEPUTY ROBERT GRIGGS, and
DEPUTY SCHOENES,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the defendants' **Motion to Dismiss Amended Complaint**

[Doc. # 29, filed 2/17/06] (the "Motion").  I respectfully RECOMMEND that the Motion be

DENIED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*.  I must liberally construe the pleadings of a *pro se*

plaintiff.  Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate

for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of

Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded

allegations as true, and must construe all reasonable inferences in favor of the plaintiff.  City of

<u>Los Angeles v. Preferred Communications, Inc.</u>, 476 U.S. 488, 493 (1986); <u>Mitchell v. King</u>, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), overruled on other grounds by <u>Davis v. Scherer</u>, 468 U.S. 183 (1984). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. <u>Id.</u>

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed. R. Civ. P. 12(b).

The plaintiff attached to his response numerous exhibits. Because I do not refer to the exhibits in my analysis of the Motion to Dismiss, I need not convert the Motion into one for summary judgment. Fed. R. Civ. P. 12(b). In addition, the defendants make countless statements of fact in support of their Motion. Many of the defendants' arguments are based on these factual statements. The statements are not supported by evidence, nor are they appropriately asserted in a motion to dismiss. I do not consider the statements in my analysis of the Motion.

## II.  BACKGROUND

The plaintiff filed his Amended Complaint on October 4, 2005. The Amended Complaint asserts three claims. Claim One alleges that in June, October, and December of 2002, defendants Younger, Harvey, Terranova, Black, McCoy, Schoenes, and Griggs conspired to cover up and/or destroy evidence of assaults on the plaintiff inside a police car. Claim Two alleges that in July 2002, Judge J. S. Miller conspired with other judges employed in the Douglas County judicial

2

system to cover up a pattern of imposing excessive bonds.  Claim Two further alleges that

defendants Harvey and Younger encouraged and condoned the submission of inaccurate and

exaggerated information to judges to influence higher bonds.  Claim Two was dismissed as to

Judge J. S. Miller on November 10, 2005.  Claim Three alleges that (1) for the two and one-half

years he was a pretrial detainee, the plaintiff was denied access to the courts which crippled his

ability to assist his attorney in preparing a defense to the criminal charges against him: (2)

defendants Harvey and Younger established an unconstitutional policy regarding court access; and

(3) having an inadequate law library interfered with the plaintiff's ability to litigate a case in this

Court.  The plaintiff seeks $500,000.00 in compensatory damages, $200,000.00 in punitive

damages, and attorneys' fees.

## III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State, . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.                         **A.  Claim One**

Claim One alleges that the defendants conspired to cover up and/or destroy evidence of

assaults on the plaintiff in violation of the plaintiff's constitutional rights to equal protection and

due process.  To succeed on a claim for conspiracy to deprive a plaintiff of his constitutional

rights, the plaintiff must plead and prove both the existence of the conspiracy and the deprivation

of constitutional rights.  Thompson v. City of Lawrence, 58 F.3d 1511, 1517 (10th Cir. 1995).

The defendants assert that the Amended Complaint fails to state a claim for conspiracy because the plaintiff fails to allege specific facts showing an agreement among the defendants.[1]

In pleading the existence of a conspiracy,

> [a] plaintiff . . . need not prove that each participant in a conspiracy knew the exact limits of the illegal plan or the identity of all the participants therein.  An express agreement among all the conspirators is not a necessary element of a civil conspiracy.  The participants in the conspiracy must share the general conspiratorial objective, but they need not know all the details of the plan designed to achieve the objective or possess the same motives for desiring the intended conspiratorial result.  To demonstrate the existence of a conspiratorial agreement it simply must be shown that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences.

Snell v. Tunnell, 920 F.2d 673, 702 (10th Cir. 1990).  Conspiracies must often be established with circumstantial evidence because direct evidence of an express agreement among all conspirators is rarely available.  Id.

The Amended Complaint's factual allegations of conspiracy are as follows: (1) on or about June 26, 2002, defendants Black, Griggs, McCoy, and Younger deliberately obstructed an investigation into alleged assaults on the plaintiff; (2) defendants Black, Griggs, McCoy, and Younger had knowledge that the assaults constituted a felony and deliberately concealed the assaults; (3) on or about October 7, 2002, and December 14, 2002, defendants Schoenes, Terranova, and Harvey had knowledge that the assaults constituted a felony and deliberately obstructed the investigation into the alleged assaults by destroying evidence and disregarding policy and procedure; and (4) defendants Black, Griggs, McCoy, Younger, Schoenes, Terranova,

---

[1]The defendants do not challenge whether the plaintiff's allegations are sufficient to state a claim for violation of his equal protection or due process rights.

4

and Harvey personally participated in the constitutional violations "by control and failure to supervise." *Amended Complaint*, p. 4a.

The Amended Complaint does not contain any factual allegations to support a reasonable inference that the defendants shared a specific goal with each other to violate the plaintiff's constitutional rights by engaging in a particular course of action. There are only conclusory allegations that the defendants conspired to deprive the plaintiff of his constitutional rights.

However, in response to the Motion, the plaintiff "realleges" that on or about June 22, 2002, defendants Younger, Harvey, and McCoy,

> having knowledge of the actual commission of police misconduct planned to conceal and continue to conceal defendants Deputy Black and Deputy Griggs lied [sic] in internal affairs reports, Defendant Younger McCoy and Harvey in agreement ordered the videotape from the Detention Facility garage on June 26, 2002, to be destroyed . . . .

*Response to Defendants* [sic] *Motion to Dismiss Complaint* (the "Response"), filed March 20, 2006, p. 3.

The plaintiff further "realleges" that on or about October 7, 2002, defendants Younger, Harvey, and Terranova, having knowledge of the commission of police misconduct, "in agreement planned to conceal evidence of alleged sexual assault . . . by fabricating" an investigation. Id. at p. 4. Finally, the plaintiff "realleges" that on or about December 14, 2002, defendants Younger, Harvey, McCoy, Terranova, and Schoenes having knowledge of the commission of police misconduct, "in agreement planned to conceal evidence of alleged sexual assault . . . by fabricating" an investigation. Id. at p. 5. These allegations are sufficient to

support a reasonable inference that the defendants shared a specific goal with each other to violate the plaintiff's constitutional rights by obstructing the investigation.

The defendants also assert that Claim One must fail because the plaintiff has not alleged that the defendants personally participated in the alleged constitutional violations.  An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation.  McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983).  Respondeat superior is not within the purview of section 1983 liability.  Id.  In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."  Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official.  Id.

The plaintiff alleges that each defendant conspired to obstruct an investigation by concealing or destroying evidence or by fabricating an investigation.  The plaintiff's allegations are sufficient to allege personal participation.

Finally, the defendants assert that Claim One suffers from "factual weaknesses" because the plaintiff "does not specify, or even allege the existence of, the purportedly destroyed evidence. He simply assumes that there should be videotapes, audiotapes and witness statements that, in fact, never existed."  *Motion*, p. 4.  The defendants' factual challenge is not appropriate on a motion to dismiss:

6

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.
>
> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Scheuer, 416 U.S. at 236 (internal quotations omitted).

I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claim One.

## B.   Claim Two

The defendants' Motion does not address Claim Two. The Motion states that Claim Two was dismissed in its entirety on November 10, 2005. *Motion*, p. 6. To the contrary, Claim Two was dismissed only as to Judge J. S. Miller. *Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge*, entered November 10, 2005. In addition to allegations against Judge Miller, Claim Two alleges that defendants Harvey and Younger violated the plaintiff's due process rights when they encouraged and condoned the submission of inaccurate and exaggerated information to judges to influence higher bonds. *Amended Complaint*, p. 5. The allegations in Claim Two against defendants Harvey and Younger are extant.

7

In their reply in support of the Motion, the defendants argue that Claim Two fails to state a claim for relief because the plaintiff fails to properly allege a conspiracy.  *Reply in Support of Motion to Dismiss Amended Complaint* (the "Reply"), filed April 4, 2006.  Although it is not clear from the allegations of the Amended Complaint that the plaintiff is alleging a conspiracy, in his Response he alleges that defendants Harvey and Younger "agreed to and planned to condone sheriff personnel to influence the imposition of excessive and oppressive bonds by submitting to judges exaggerated and inaccurate information." *Amended Complaint*, p. 6.  Liberally construed, the plaintiff has sufficiently alleged that defendants Harvey and Younger conspired with each other and with unspecified sheriff's personnel to influence the imposition of excessive and oppressive bonds.  To the extent the defendants seek dismissal of Claim Two, I respectfully RECOMMEND that the request be DENIED.

## C.  Claim Three

Claim Three alleges that while the plaintiff was a pretrial detainee, he was deliberately deprived of his right to access the courts.  The defendants assert that Claim Three must be dismissed because the plaintiff fails to state a claim upon which relief can be granted.

The right of access to the courts is a fundamental constitutional right.  <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977).  However, an inmate alleging denial of access to the courts must allege an actual injury.  <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996).  To establish actual injury, the inmate must show that "the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim."  <u>Id.</u> at 356.  <u>Penrod v. Zavaras</u>, 94 F.3d 1399, 1403 (10th Cir. 1996) (citing <u>Lewis</u>, 518 U.S. at 351).

The Amended Complaint alleges that "[t]he absence of a constitutionally adequate law library crippled plaintiff's ability to assist his attorney in preparing a defense to the criminal charges against the plaintiff." *Amended Complaint*, p. 6.  The Amended Complaint further alleges that the "[n]on-existent constitutionally adequate law library also prevented plaintiff from complying [sic] and researching U.S. District Court directives issued in Civil Action No. 03-ES-1030, which was dismissed without prejudice, no law library, no appeal."[2] Id.  The plaintiff clarifies these allegations in his Response.  He states that he lacked counsel for two months of his criminal case and that he was unable to represent himself during that time due to the absence of an adequate law library.  *Response*, p. 7.  He further asserts that the absence of a constitutionally adequate law library "contributed substantially in plaintiffs [sic] ultimate conviction." Id. at p. 8.  These allegations are sufficient to state a claim for denial of access to the courts.

I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of Claim Three for failure to state a claim upon which relief can be granted.

### D.  Failure to Exhaust Administrative Remedies

In their Reply, the defendants assert for the first time that the Amended Complaint must be dismissed because the plaintiff failed to exhaust his administrative remedies.  Raising this issue for the first time in a reply is inappropriate because the plaintiff does not have the opportunity to respond to the issue.  Moreover, the Amended Complaint states that the plaintiff exhausted his administrative remedies as to Claim Three, and that Claims One and Two were "not grievable." *Amended Complaint*, p. 7.  These allegations are sufficient to survive a motion to dismiss.

### E.  Statute of Limitations

---

[2]The defendants do not address this portion of Claim Three.

Also in their Reply, the defendants assert for the first time that Claim One must be dismissed because it is barred by the statute of limitations.  As with the exhaustion issue, it is not appropriate to raise the statute of limitations defense for the first time in a reply because the plaintiff does not have the opportunity to respond to the defense.[3]

### F.  Qualified Immunity

The defendants seek qualified immunity on Claim One as follows:[4]

> In this case, Plaintiff has alleged conspiracy to destroy evidence of incidents that he alleges to be wrongful: (1) using a forearm restraint while securing a seatbelt; and (2) touching the Plaintiff in the groin area as part of a pat-down. There is a valid penological interest in both of these activities, protecting the safety of officers and third persons, that outweighs the inmate's personal inconvenience or indignity.  More importantly, there is no clearly established Constitutional prohibition of either and, in the absence of such a clear Constitutional prohibition, the deputies are entitled to immunity.

*Motion*, p. 8.

The defendants' argument relies on their assertion that the plaintiff "has alleged conspiracy to destroy evidence of incidents that he alleges to be wrongful: (1) using a forearm restraint while securing a seatbelt; and (2) touching the Plaintiff in the groin area as part of a pat-down."  The Amended Complaint does not allege use of a forearm restraint while securing a seatbelt and

---

[3]I note that the defendants' statute of limitations argument relies on dates that the plaintiff alleged in the Amended Complaint.  Therefore, the defendants could have raised the statute of limitations defense in their Motion.

[4]Qualified immunity applies to government officials sued in their individual capacities. Buchwald v. University of New Mexico School of Medicine, 159 F.3d 487, 492 (10th Cir. 1998). The caption of the Amended Complaint lists the defendants "in their official capacity."  Thus, it appears from the Amended Complaint that the defendants are not being sued in their individual capacities and, therefore, qualified immunity does not apply.  The defendants may seek clarification of this issue through discovery.

touching of the plaintiff in the groin area as part of a pat-down. These facts have been alleged by the defendants.

As to Claim Three, the defendants seek qualified immunity based on the following assertion:

> Likewise, with respect to the claims pertaining to the law library, Plaintiff has failed to allege a clearly-established Constitutional right that has been violated. Accordingly, the Defendants are entitled to qualified immunity.

Id.

To the contrary, it is well established that "[t]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977).

I respectfully RECOMMEND that the Motion be DENIED to the extent is seeks dismissal of the Amended Complaint on the basis of qualified immunity.

## IV. CONCLUSION

I respectfully RECOMMEND that the defendants' Motion to Dismiss Amended Complaint be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections

to this recommendation must be both timely and specific to preserve an issue for *de novo* review

by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73

F.3d 1057, 1060 (10th Cir. 1996).

       Dated May 15, 2006.

                           BY THE COURT:

                          s/ Boyd N. Boland
                         United States Magistrate Judge