IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01028-EWN-BNB

ROBERT WAYNE ROBINSON,

Plaintiff,

v.

CAPTAIN YOUNGER
LT. HARVEY
SGT. TERRANOVA
DEPUTY BLACK, GREG
SGT. B. MCCOY
DEPUTY ROBERT GRIGGS, and
DEPUTY SCHOENES

Defendants.

## STIPULATION AND PROTECTIVE ORDER

Plaintiff, **ROBERT WAYNE ROBINSON**, pro se, and Defendants, **GARY YOUNGER, RON HARVEY, ROBERT TERRANOVA, GREG BLACK, BROCK MCCOY, ROBERT GRIGGS and STEPHEN SCHOENES,** by and through the Douglas County Attorney, stipulate and move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, states as follows:

1.  In this action, at least one of the Parties to this action has sought discovery of Confidential Information (as defined in paragraph 2 below). The Parties may seek additional Confidential Information during the pendency of this case and there may be questioning in depositions concerning Confidential Information if any dispositions occur. The Parties assert the

disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' or third party's privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use the Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract. Chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

    a. the Parties and/or their representatives' personnel files;

    b. internal affairs investigation files; and

    c. policy and procedure manuals, including standard operating procedures and field training manuals.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel or Party designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever:

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. With respect to any documents designated as Confidential Information and produced to Plaintiff, such production shall be subject to the following conditions:

    a. the documents shall be mailed to the Warden, Arkansas Valley Correctional Facility;

    b. the Warden shall make the documents available for use in this litigation; however, said use shall be supervised at all times by a corrections officer and Plaintiff shall not be permitted to remove the documents from the possession and control of the corrections officer or to make copies;

    c. the documents shall be mailed to the Warden upon the issuance of this Order, and shall be returned 30 days thereafter.

6. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exist for the disputed information to be treated as confidential.

7. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, counsel shall submit the Confidential Information under seal with a motion to seal in accordance with D.C.COLO.Lciv.R 7.2 and 7.3.

8. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

9. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

10. Upon termination of this litigation, including any appeals, counsel for the parties shall immediately return to the producing party all Confidential Information provided subject to

this Protective Order, including all copies thereof. If the Confidential Information contains attorney work product, it may be destroyed rather than returned to the producing party; however, in the event, counsel retaining any such Confidential Information shall provide the producing party with a certificate identifying the Confidential Information as destroyed. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 21st day of August, 2006

BY THE COURT:

_____
~~United States District Judge~~

**BOYD N. BOLAND**
United States Magistrate **Judge**

STIPULATED AND AGREED TO:

*[signature]*

Robert Wayne Robinson
Plaintiff


DOUGLAS COUNTY ATTORNEY'S OFFICE

*[signature]*

Sean Kelly Dunnaway, Esq.
Douglas County Deputy County Attorney
100 Third Street
Castle Rock, CO 80104
(303) 660-7414
*Attorney for Defendants*