IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01028-EWN-BNB

ROBERT WAYNE ROBINSON,

Plaintiff,

v.

CAPTAIN YOUNGER,
LT. HARVEY,
SGT. TERRANOVA,
DEPUTY GREG BLACK,
SGT. B. MCCOY,
DEPUTY ROBERT GRIGGS, and
DEPUTY SCHOENES,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the defendants' **Motion for Judgment on the Pleadings** [Doc. # 48, filed 7/11/06] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A motion for judgment on the pleadings is reviewed under the same standard as applies to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). McHenry v. Utah Valley Hosp., 927 F.2d 1125, 1126 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

In ruling on a motion for judgment on the pleadings, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed.R.Civ.P. 12(c). The plaintiff has attached several exhibits to his response. Because I do not refer to the exhibits in my analysis of the Motion, I have not converted the Motion into one for summary judgment.

## II.  BACKGROUND

The plaintiff filed his Amended Complaint on October 4, 2005. The Amended Complaint asserts three claims. Claim One alleges that the defendants conspired to cover up and/or destroy evidence of assaults on the plaintiff inside a police car. Claim Two alleges that in July 2002, Judge J. S. Miller conspired with other judges employed in the Douglas County judicial system to

cover up a pattern of imposing excessive bonds. Claim Two further alleges that defendants Harvey and Younger encouraged and condoned the submission of inaccurate and exaggerated information to judges to influence higher bonds. Claim Two was dismissed as to Judge J. S. Miller on November 10, 2005. Claim Three alleges that (1) for the two and one-half years he was a pretrial detainee, the plaintiff was denied access to the courts which crippled his ability to assist his attorney in preparing a defense to the criminal charges against him: (2) defendants Harvey and Younger established an unconstitutional policy regarding court access; and (3) having an inadequate law library interfered with the plaintiff's ability to litigate a case in this Court. The plaintiff sues the defendants in their official capacities. *Complaint*, p.1, caption. He seeks $500,000.00 in compensatory damages, $200,000.00 in punitive damages, and attorneys' fees.

On February 17, 2006, the defendants filed a motion to dismiss [Doc. #29]. The motion was denied on June 6, 2006 [Doc. #37]. The defendants now seek dismissal of the Amended Complaint in their Motion for Judgment on the Pleadings.

### III.   ANALYSIS

#### A.   Causes of Action

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The plaintiff also lists 42 U.S.C. §§ 1981 and 1985 as jurisdictional bases. Section 1981

protects against employment discrimination on the basis of race. 42 U.S.C. § 1981; <u>Poolaw v. City of Anadarko</u>, 660 F.2d 459, 461-62 (10th Cir. 1981). The plaintiff does not allege any facts that suggest a claim for employment discrimination.

     Section 1985, 42 U.S.C., provides in pertinent part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

     Claims under §1985(3) can apply to private conspiracies under certain circumstances. <u>Tilton v. Richardson</u>, 6 F.3d 683, 686 (10th Cir. 1993). This statute is narrowly construed, as follows:

> The case law has defined the elements of a claim under this statute. The essential elements of a §1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an

>   injury or deprivation resulting therefrom. The evolving law has
>   clarified these elements. Firstly, a valid claim must, of course,
>   involve a conspiracy. Secondly, however, §1985(3) does not apply
>   to all tortious, conspiratorial interferences with the rights of others,
>   but rather, only to conspiracies motivated by some racial, or
>   perhaps otherwise class-based, invidiously discriminatory animus.
>   The other class-based animus language of this requirement has been
>   narrowly construed and does not, for example, reach conspiracies
>   motivated by an economic or commercial bias. In fact, the
>   Supreme Court has held that it is a close question whether
>   §1985(3) was intended to reach any class-based animus other than
>   animus against Negroes and those who championed their cause.

Id. (internal quotations and citations omitted).

Claims One and Two contain allegations of conspiracies based on racially discriminatory animus that could possibly implicate §1985(3).[1] *Complaint*, pp. 4a, 5. Therefore, I construe Claims One and Two as asserting claims under 42 U.S.C. § 1985(3).

In addition, the Complaint alleges violations of the plaintiff's rights under the United States Constitution, the Colorado Constitution, and 18 U.S.C. § 241. Id. at pp. 4-6. `

Section 241 criminalizes conspiracies to violate a person's rights under the Constitution or the laws of the United States. Section 241 does not form a basis for civil liability. Kelly v. Rockefeller, 69 Fed.Appx. 414, 415-16, 2003 WL 21386338 (10th Cir. June 17, 2003).

The Tenth Circuit Court of Appeals has recognized that state constitutional claims are precluded where another adequate remedy exists:

---

[1]Claim Three does not contain any allegations that implicate section 1985(3), and the Amended Complaint does not contain any allegations to state a claim for relief under sections 1985(1) or (2).

> In <u>Bd. of County Comm'rs v. Sundheim</u>, 926 P.2d 545 (Colo.1996) (en banc), the Colorado Supreme Court held that "[w]hile it may be appropriate to recognize an implied state constitutional cause of action when there is no other adequate remedy ⋯ where other adequate remedies exist, no implied remedy is necessary." Id. at 553. Section 1983 provides such an adequate remedy.

<u>Arndt v. Koby</u>, 309 F.3d 1247, 1255 (10th Cir. 2002). The fact that a plaintiff does not prevail on a §1983 claim "does not make it any less 'available' as a legal remedy under <u>Sundheim</u>." <u>Id.</u>

Here, the plaintiff has an adequate remedy under section 1983 for all of his claims. Therefore, to the extent he attempts to assert any claims under the Colorado Constitution, such claims are precluded.

In summary, I construe the Amended Complaint as asserting three claims pursuant to 42 U.S.C. § 1983. In addition, Claims One and Two are asserted under 42 U.S.C. § 1985.[2]

### B.  Exhaustion of Administrative Remedies

The defendants assert that the plaintiff's claims must be dismissed because he has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"). *Motion*, pp. 3, 5, 6. The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

---

[2]To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

The Supreme Court has interpreted §1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both. Booth v. Churner, 532 U.S. 731 (2001).

In his Complaint, the plaintiff alleges that he exhausted Claim Three and that Claims One and Two are not grievable. *Complaint*, p. 7. These allegations are sufficient to withstand a motion to dismiss. See Jonesv. Bock, __ S.Ct. __, 2007 WL 135890, *11 (January 22, 2007) (stating that inmates are not required to specially plead or demonstrate exhaustion in their complaints).

In addition, Claim Two does not challenge prison conditions. Therefore, the PLRA does not require exhaustion of Claim Two.

### C. Claim One

The defendants assert that the Claim One is barred by the applicable statute of limitations. *Motion*, pp. 2-3. The defendants state that under §1983 "some cases have applied the two-year statute of limitations under C.R.S. § 13-80-102. . . . However, for claims against a law enforcement authority such as this, the shorter, one-year, statute of limitations [found in C.R.S. § 13-80-103] applies." *Motion*, p. 2.

The defendants no support for this assertion. My research reveals that both state and federal courts apply the two year statute of limitations to §1983 cases, regardless of whether they are asserted against law enforcement officials:

> As to the claim under § 1983, both federal and state courts have recognized not only the breadth of this "uniquely federal remedy" and the corresponding necessity for a uniform limitation period within each jurisdiction, but also the Supreme Court's admonition that the appropriate limitation period for § 1983 claims is that

7

> period generally applicable to personal injury actions. See <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); <u>Workman v. Jordan</u>, 32 F.3d 475 (10th Cir.1994); <u>Board of County Commissioners v. Sundheim</u>, 926 P.2d 545 (Colo.1996). Hence, in Colorado the applicable statute of limitations for § 1983 actions, even those asserted against law enforcement officers, is the two-year limitation period of § 13-80-102(1)(g). The trial court therefore erred in applying a one-year limitation period to dismiss the claim against defendant Farrow. See <u>Hunt v. Bennett</u>, 17 F.3d 1263 (10th Cir.1994); <u>Dillingham v. University of Colorado</u>, 790 P.2d 851 (Colo.App.1989); see also <u>Blake v. Dickason</u>, 997 F.2d 749 (10th Cir.1993); <u>Stump v. Gates</u>, 777 F.Supp. 808 (D.Colo.1991); <u>Mucci v. Falcon School District</u>, 655 P.2d 422 (Colo.App.1982).

<u>Nieto v. State</u>, 952 P.2d 834, 844 (Colo.App. 1997), *aff'd in part and rev'd in part on other grounds*, 993 P.2d 493 (Colo. 2000).

I find that the two-year limitation period of section 13-80-102, C.R.S., applies to the plaintiff's claims under §1983. In addition, the two year statute of limitations applies to claims brought under 42 U.S.C. § 1985. <u>Tucker v. Belaski</u>, 86 F.3d 1167, 1996 WL 273891, *2 (10th Cir. May 23, 1996).

Federal law rather than state law determines when a cause of action accrues. See <u>Industrial Constructors Corp. v. United States Bureau of Reclamation</u>, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." <u>Id.</u> at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." <u>Fratus v. Deland</u>, 49 F.3d 673, 675 (10th Cir. 1995).

Claim One alleges that the defendants conspired to cover up and/or destroy evidence of assaults on the plaintiff on June 26, October 7, and December 14, 2002. The defendants assert that the claim is barred by the statue of limitations because the "Plaintiff alleges, unequivocally,

8

that the events of which he complains occurred on or about June 26, 2002." However, it is unclear from the allegations of the Amended Complaint whether the assaults occurred on June 26, October 7, and December 14, 2002, or whether the conspiracy to hide or destroy evidence occurred on those dates. Importantly, it is unclear when the plaintiff knew or had any reason to know that the defendants conspired to hide or destroy the evidence.

### D.  Claim Two

Claim Two alleges that defendants Harvey and Younger violated the plaintiff's due process rights when they encouraged and condoned the submission of inaccurate and exaggerated information to judges to influence higher bonds. *Amended Complaint*, p. 5. The defendants argue that Claim Two must be dismissed because the plaintiff's bond was not excessive. This argument requires a factual analysis which is inappropriate on a motion for judgment on the pleadings.

The defendants also argue that the statute of limitations expired on Claim Two on July 10, 2004. Claim Two alleges that on or about July 10, 2003, Judge J.S. Miller "conspired to cover-up the unconstitutional practiced pattern of imposing excessive and oppressive bonds by the Douglas County judicial system . . . ." *Amended Complaint*, p. 5. Claim Two further alleges that "[d]efendants Younger and Harvey wantonly encouraged and condoned the submission of inaccurate and exaggerated information to the judges to influence the setting of excessive bonds." Id.

It is not clear from the allegations of Claim Two when the plaintiff knew or had any reason to know that Younger and Harvey were encouraging and condoning "the submission of inaccurate and exaggerated information to the judges to influence the setting of excessive bonds." Thus, it is

not possible to determine from the Amended Complaint's allegations when this claim accrued.

Moreover, even if the claim accrued on July 10, 2003, the claim would not be barred because the

plaintiff commenced this action on May 24, 2005--less than two years later.

### D.  Claim Three

Claim Three alleges that while the plaintiff was a pretrial detainee he was deliberately

deprived of his right to access the courts.  The right of access to the courts is a fundamental

constitutional right.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  However, an inmate alleging

denial of access to the courts must allege an actual injury.  Lewis v. Casey, 518 U.S. 343, 349

(1996).  To establish actual injury, the inmate must show that "the denial of legal resources

hindered the prisoner's efforts to pursue a nonfrivolous claim."  Id. at 356.  Penrod v. Zavaras, 94

F.3d 1399, 1403 (10th Cir. 1996) (citing Lewis, 518 U.S. at 351).

The Amended Complaint alleges that "[t]he absence of a constitutionally adequate law

library crippled plaintiff's ability to assist his attorney in preparing a defense to the criminal

charges against the plaintiff."  *Amended Complaint*, p. 6.  The Amended Complaint further alleges

that the "[n]on-existent constitutionally adequate law library also prevented plaintiff from

complying [sic] and researching U.S. District Court directives issued in Civil Action No. 03-ES-

1030, which was dismissed without prejudice, no law library, no appeal."  Id.

The defendants assert that this claim must be dismissed because the library was replaced

with a portable legal research computer system and it is, therefore, "difficult to see how even the

elimination of the library in 2004 could possibly have affected [the plaintiff's] ability to conduct

his legal defense in 2003." *Motion*, p. 5. Again, the defendants rely on a factual argument that is inappropriate in a motion for judgment on the pleadings.

The defendants further argue that "Plaintiff's filing in May 2005 is not timely as a claim against law enforcement under the statute of limitations provided in C.R.S. § 13-80-103(c)." Id. at p. 6. As previously discussed, the one year statute of limitations provided in section 13-80-103(c), C.R.S., is not applicable.

## IV.  CONCLUSION

I respectfully RECOMMEND that the defendants' Motion for Judgment on the Pleadings be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 26, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge