IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 05–cv–01028–EWN–BNB

ROBERT WAYNE ROBINSON,

    Plaintiff,

v.

CAPTAIN YOUNGER,
LT. HARVEY,
SGT. TERRANOVA,
DEPUTY BLACK, GREG,
SGT. B. MCCOY,
DEPUTY ROBERT GRIGGS, and
DEPUTY SCHOENES, in their official
capacity,

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the court on the "Recommendation of United States Magistrate Judge" (#114) filed July 11, 2007. The recommendation is that Defendants' motion for summary judgment be granted. Plaintiff has objected to the recommendation. The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the matter before the court and magistrate judge is viewed as dispositive or non-dispositive. For dispositive matters, a district court assessing a magistrate judge's recommendations for disposition must make a "de novo determination of those portions of the [recommendation] . . . to

which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (West 2007); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).

The bulk of Plaintiff's objection consists of argument that the magistrate judge was wrong in holding certain claims barred by the statute of limitations. Plaintiff has apparently interposed no objection to the proposed disposition of claims on grounds other than the statute of limitations. Thus, the recommendation as to claims two and three, based as it is on grounds other than the statute of limitations, will be accepted without further discussion.

As to the recommendation that the statute of limitations bars claim one, Plaintiff argues for the first time in his objections to this court that the statute should be tolled because of his mental incapacity. The court rejects Plaintiff's attempt to inject a new issue into the case. It is not inclined to allow Plaintiff to advance here an argument that he did not develop before the magistrate judge. There is some reference in Plaintiff's submissions to the magistrate judge to his mental health issues, but he never raised it as a response to the Defendants' statute of limitations defense. The "evidence" he places before the court was never presented to the magistrate judge. In reviewing a magistrate judge's recommendation, "'[t]he district judge *may* . . . receive further evidence, or recommit the matter to the magistrate judge with instructions.' Fed.R.Civ.P. 72(b) (emphasis added); *see also* 28 U.S.C. § 636(b)(1). This language commits the decision of whether to receive additional evidence to 'the sound discretion of the district court.' Doe v. Chao, 306 F.3d 170, 183 n. 9 (4th Cir.2002), *aff'd,*540 U.S. 614(2004); *see also Drew v. Dep't of Corr.,*

297 F.3d 1278, 1289 n. 4 (11th Cir.2002) (explaining that a district court has discretion to refuse supplemental evidence not put before a magistrate judge)." *Henderson v. Echostar Communications Corp.*, 172 Fed. Appx. 892, 895, 2006 WL 805524 at *3 (10th Cir. Mar. 20, 2006). Plaintiff had a full opportunity to present this issue and his new materials to the magistrate judge. His failure to do so will not be countenanced by this court. The court also notes that the additional matter is a hodge-podge of material which is inadmissible and which simply does not demonstrate his mental incompetence.

I have conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, I have concluded that the recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. The motion for summary judgment (#86) is GRANTED. The clerk shall forthwith enter judgment in favor of Defendants and against Plaintiff, dismissing all claims with prejudice. Defendants may have their costs.

DATED this 11th day of September, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge